UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Idearc Information Services,
LLC f/k/a Verizon Information
Services, Inc., a Delaware limited
liability company,

       Plaintiff,

v.

                                    MEMORANDUM OPINION
                                        AND ORDER
                                       Civil No. 07-3560

Michael Mangan,

       Defendant.
_____

     Douglas B. Altman, Altman & Izek and Jeffrey S. Torosian, Greenberg
Traurig, LLP for and on behalf of Plaintiff.

     Ferdinand F. Peters, Ferdinand F. Peters Law Firm for and on behalf of
Defendant.

_____

     Defendant Michael Mangan ("Mangan") was employed by Plaintiff Idearc

Information Services LLC ("Idearc") from March 7, 2003 to November 13, 2004 as

a Premise Sales Representative.  This position required Mangan to sell

advertisements to businesses for the Idearc business telephone directories.  After

Mangan resigned from his position in November 2004, Idearc alleges that it

received an anonymous tip regarding sales tactics used by Mangan.  Idearc

conducted an investigation, and through that investigation learned that Mangan

engaged in inappropriate and unscrupulous sales tactics.  As a result, Idearc was

forced to refund and credit a number of accounts, totaling $126,070.  Idearc

asserts that Mangan received over $80,000 in commissions on these

refunded/credited sales.  Idearc brought this action to recoup its damages,

asserting claims of breach of fiduciary duty, breach of employment agreement,

unjust enrichment and consumer fraud.

In response to Idearc's complaint, Mangan filed an answer and

counterclaim.  Mangan denies the allegations asserted by Idearc, and alleges that

Idearc did not pay him all the commissions he was due.   He alleges that in

October 2003, Idearc instituted a "flash cut" - a policy which provided that all

commissions due under the existing commission schedule was eliminated and a

new plan imposed.  Mangan alleges that as a result of the flash cut, he was

deprived of $20,000 in commissions.

Mangan further alleges that after he resigned from Idearc, Idearc

employees intentionally and negligently made false and misleading statements to

his former customers, and told former customers and co-workers that he was

kicked out of Edina Realty - which was a false statement.

He further alleges that commissions earned by Mangan were paid to other

sales representatives.  Mangan further asserts that one of the reasons he decided

to leave Idearc was because the company did not provide the telephone book it

represented to customers and it was the poor quality telephone book issued in 2004 that was the call for customer complaints, not Mangan's sales tactics.

Mangan has asserted four counterclaims against Idearc: defamation and slander; unpaid commissions and wages; breach of contract; and unjust enrichment. Before the Court is Idearc's motion to dismiss Plaintiff's counterclaims pursuant to Fed. R. Civ. Proc. 12(b)(6).

Standard

When addressing Idearc's motion to dismiss, the Court takes all facts alleged in Mangan's counterclaim as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Further, the Court must construe the allegations in the counterclaim and reasonable inferences arising therefrom favorably to Mangan. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). The Court applies those standards in the following discussion.

Analysis

Idearc asserts that three of Mangan's counterclaims seek the recovery of unpaid commissions and wages that were allegedly owed him during his employment with Idearc. Such claims are subject to a two-year statute of limitations.

Minn. Stat. § 541.07(5) provides a two year statute of limitations on claims:

for the recovery of wages or overtime or damages, fees, or penalties accruing under any federal or state law respecting the payment of wages or

overtime or damages, fees, or penalties except, that if the employer fails to submit payroll records by a specified date upon request of the Department of Labor and Industry or if the nonpayment is willful and not the result of mistake or inadvertence, the limitation is three years.

Claims for the recovery of wages and commissions accrue each time a payment is due, but not paid.  <u>Levin v. C.O.M.B. Co.</u>, 441 N.W.2d 801, 803 (Minn. 1989).  Idearc asserts that Mangan's claims accrued, at the latest, on November 13, 2004 - the date Mangan terminated his employment.  His claims were not filed, however, until August 17, 2007, over two years later.  The claims are thus time-barred.

Mangan responds that a three year statute of limitations applies to claims in which the wages and commissions were willfully withheld.  Mangan asserts that Idearc willfully withheld commissions due him.  For example, Mangan asserts that "Idearc would improperly assign one of Mangan's sales to the other sales representative, thus depriving Mangan of his full sale and commission." Counterclaim ¶ 22.  Mangan further alleges he was deprived of commissions due to Idearc's implementation of the "flash cut" in October 2003. <u>Id.</u> ¶ 23.

To the extent that Mangan alleges that Idearc willfully withheld commissions, the Court agrees that a three year limitation period applies.  Thus, to the extent that Mangan asserts Idearc willfully failed to pay him wages or commissions that accrued between August 17, 2004 to November 13, 2004, such claims are not time barred.  However, with respect to any wages or commissions that accrued prior to August 17, 2004, such claims are time barred.

With respect to the counterclaim of unjust enrichment, Mangan asserts this claim is subject to a six year statute of limitation, citing <u>Block v. Litchy</u>, 428 N.W.2d 850 (Minn. Ct. App. 1998) (holding six year statute of limitation applies to unjust enrichment claim arising from contract for deed).  Mangan asserts that Idearc was unjustly enriched when it did not pay him commissions he was due. Because the underlying basis for this claim is for unpaid wages and commissions, the statute of limitations applicable to wage claims applies.  <u>See</u> <u>eg.</u> <u>Stowman v. Carlson Companies, Inc.</u>, 430 N.W.2d 490, 493 (Minn. Ct. App. 1998) (any claim arising from employment relationship, including one for fraudulent concealment, governed by two year statute of limitations).

Mangan has also asserted a claim for defamation and slander.  Idearc asserts this claim is also time-barred.  Minn. Stat. § 541.07(1) provides that a claim for defamation must be commenced within two years after the accrual of the claim.  A claim for defamation accrues when the defamatory matter is published to a third party.  <u>Hayes v. Blue Cross Blue Shield of Minnesota, Inc.</u>, 21 F. Supp.2d 960, 977-78 (D. Minn. 1998).  In this case, Mangan would have to allege that Idearc made defamatory statements after July 31, 2005, which isthe date Idearc filed its Complaint.

In response, Mangan asserts that any defamatory statements were made

after he left Idearc in November 2004 and after he had taken real estate classes and embarked on a new career.  He asks that the Court construe the facts in his favor and find that his defamation claims are not time-barred.

However, Mangan provides no dates whatsoever as to when he took real estate classes or embarked on a new career.  In addition, he has not plead who made the alleged defamatory comments, to whom they were made and in what form.

The Court will, however, give Mangan an opportunity to address the inadequacies with regard to his defamation counterclaim.  Within thirty days of the date of this Order, Mangan shall amend his counterclaim with respect to the defamation claim.  In this amended pleading, Mangan shall identify the alleged defamatory statements that were made, by whom and to whom and the date such statements were made.  Failure to provide this information will result in a dismissal of the defamation counterclaim.

IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss the Counterclaim [Doc. No. 8] is GRANTED in part and DENIED in part as follows: To the extent that counterclaims 2-4 are based on a willful failure to pay commissions or wages that accrued between August 17, 2004 and November 13, 2004, such claims shall be allowed to proceed.  Any other counterclaims for wages or commissions are dismissed as time-barred.  Mangan may file, within thirty days from the date of

this Order, an amended counterclaim with respect to the defamation claim as

discussed above.  Failure to sufficiently amend the defamation claim will result in

dismissal.

Date: November 20, 2007


s / Michael J. Davis
Michael J. Davis
United States District Court